LaCorte, Bundy, Varady & Kinsella
989 Bonnel Court
Union, New Jersey 07083
(908) 810-0500
Attorneys for Plaintiff, Yeuda Palok

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| YEUDA PALOK,<br><br>Plaintiff,<br><br>vs.<br><br>TOWNSHIP OF JACKSON, JACKSON TOWNSHIP POLICE DEPARTMENT, TOWNSHIP OF LAKEWOOD, LAKEWOOD TOWNSHIP POLICE DEPARTMENT, THE COUNTY OF OCEAN, OCEAN COUNTY SHERIFF'S OFFICE, JOHN DOES 1-20, a fictious name for presently unknown agents, members, commissioners, and chiefs<br><br>Defendants. | Civil Action No.:<br><br><br>COMPLAINT AND JURY DEMAND |

Plaintiff, Yeuda Palok, by and through his attorneys, LaCorte, Bundy, Varady & Kinsella, by way of complaint against the defendants herein states, upon information and belief as follows:

### JURISDICTION AND VENUE

1.     This action is brought pursuant to 42 U.S.C. § 1983.  Jurisdiction is based upon 28 U.S.C. § 1331 and 143.  This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367 (a).

2.     The venue in this district is proper because, upon information and belief, all defendants either reside in or are located in the district, and all events took place in the district.

<u>PARTIES</u>

3.    Plaintiff, Yeuda Palok, is a competent, adult Israeli citizen, currently residing at 923 Roder Avenue, Brooklyn, New York.

4.    Defendant, Township of Lakewood, is and was at all times relevant to this complaint, a municipality organized under the laws of the State of New Jersey

5.    Defendant, Township of Lakewood Police Department, ("Lakewood") was at all times relevant to this complaint, a division or department of the Township entrusted with certain responsibilities, among others, enforcing federal, state and local laws and ordinances, and otherwise ensuring the safety of the people and property found within the jurisdictional limits of the Township.

6.    Defendant, Township of Jackson, is and was at all times relevant to this complaint, a municipality organized under the laws of the State of New Jersey

7.    Defendant, Township of Jackson Police Department ("Jackson") was and at all times relevant to this complaint a division or department of the Township entrusted with certain responsibilities, among others, enforcing federal, state and local laws and ordinances, and otherwise ensuring the safety of the people and property found within the jurisdictional limits of the Township.

8.    Defendant, the County of Ocean, is a municipal entity organized under the laws of the State of New Jersey.

9.    Defendant, Ocean County Sheriff's Office, ("OCSO") was at all times relevant to this complaint a division or department of the County of Ocean entrusted with certain responsibilities including the responsibility for the processing of civil documents that originate from the Court system, including summons and complaints, general writs, and foreclosures and

garnishments.    Upon information and belief, the office also assists local law enforcement personnel in circumstances such as alleged in this complaint.

10.    John Does 1-20 are fictious names for any and all presently unknown persons who were at all times relevant to this complaint agents, representatives and/or employees of the aforementioned police and sheriff's departments who were involved or in any way responsible for the events described in this complaint.    They are being sued both individually and in their official capacities.

NATURE OF ACTION

11.    This is an action for compensatory and punitive damages, for violations of plaintiff's constitutional and civil rights, wrongful search and seizure, assault and battery, negligent and intentional infliction of emotional harm, false imprisonment, excessive force, trespass, and invasion of privacy.

GENERAL ALLEGATIONS

12.    Plaintiff, Yeuda Palok, born September 14, 1989, is a citizen of Israel who has resided in the United States for the past two years.

13.    On or about May 9, 2007, plaintiff was enrolled as a rabbinical student at the Hor Hatalmud Rabbinical College, 1015 Park Avenue, Lakewood, New Jersey ("college").

14.    In the early morning hours of May 9, 2007, after a long day of religious study, plaintiff and his roommates were asleep in their dormitory room at the college.

15.    Under cover of darkness, at approximately 3:30 a.m., SWAT units from Lakewood, Jackson and the OSCO dressed in full riot gear and armed with automatic assault weapons, descended on the sleepy campus.

16.    After storming the dormitory, members of defendant's tactical police units forcibly entered plaintiff's room without justification, warrant or probable cause.

17.    While screaming obscenities at plaintiff and his roommates, defendants systematically herded the young men, at gunpoint, into the hallway of the dormitory, where semi-clothed and trembling in fear, they, along with dozens of their classmates, were ordered by defendants to stand, facing the wall, with hands behind their heads.

18.    While forcibly detained in such manner, the panic-stricken students were terrorized by the special police, who swaggered menacingly about, accusing the students of having placed a prank telephone call to the Lakewood police station, and loudly demanding that those responsible for the call identify themselves and confess to the crime.

19.    Subsequently, in furtherance of a pernicious interrogation strategy designed to compel, provoke or manipulate a confession, defendants forcibly abducted plaintiff, isolating him from the other students.

20.    After sequestering plaintiff in an interrogation room, defendants badgered, belittled, and browbeat him concerning his alleged involvement in the telephone prank, which plaintiff knew nothing about.

21.    When defendant's initial inquisition proved ineffectual, plaintiff was taken back to the hallway with his fellow students.  While plaintiff watched in dismay, the other students were released and permitted to return to their rooms.  As his classmates filed past plaintiff, he was left completely alone.

22.    Once more, for nearly an hour, defendants forced the now solitary plaintiff to stand, facing the wall, with hands behind his head.   During that time, defendants mocked, ridiculed and humiliated plaintiff.

23.    Then, employing coercive, psychological interrogation tactics designed to intimidate plaintiff and force him to confess to a crime he did not commit, defendants subjected

the plaintiff to repeated sessions of punishing inquiry followed by extended periods of isolation during which plaintiff was forced to stand alone, facing a wall, for long stretches of time.

24.    Defendant's torturous, third-degree of the plaintiff continued throughout the early morning hours of May 9, 2007.

25.    When defendant's grueling techniques failed to achieve their desired result, that of compelling plaintiff's confession, the defendants relented and allowed the grievously traumatized plaintiff to return his room.

26.    In the weeks following defendant's "Gestapo-like" raid on the college, further investigation revealed that the prank telephone call had not come from the college but did, in fact, emanate from another location in the same neighborhood.

27.    To this date, plaintiff has never been charged with a crime.

FIRST COUNT

(Against all defendants)

Assault and Battery

28.    Plaintiff repeats the allegations of Paragraphs 1-27 inclusive as if set forth fully herein.

29.    Defendants, at the time and place aforesaid, assaulted and battered plaintiff with malicious intent and with an aim towards inflicting severe and serious physical and psychological injury upon him.

30.    The injuries which plaintiff sustained as a direct and proximate result of the defendants' actions have had a detrimental impact on plaintiff's physical and mental well being, caused him great pain and suffering, and may require him to expend substantial sums of money for medical treatment in the future.  The actions of the defendants were intentional, wanton, malicious and oppressive, entitling plaintiff to an award of punitive damages.

## SECOND COUNT

(Against all defendants)

Wrongful Search, Seizure and Detention

31.    Plaintiff repeats the allegations contained in Paragraphs 1-30 inclusive as if set forth fully herein.

32.    The actions of the defendants at the time and place aforesaid constituted unlawful search and seizure, wrongful detention and false imprisonment.

33.    As a result of the malicious actions of the defendants, the plaintiff was injured in body and mind, and suffered great pain and suffering.  The actions of the defendants were intentionally, wanton, malicious and oppressive entitling plaintiff to an award of punitive damages.

## THIRD COUNT

(Against all defendants)

Failure to Train and Supervise

34.    Plaintiff repeats the allegations in Paragraphs 1-33 inclusive as if set forth fully herein.

35.    Defendants, Township of Jackson Police Department, Township of Lakewood Police Department, Ocean County Sheriff's Department, and John Does 1-20, negligently failed to train its officers in fundamental police procedures.

36.    The failure to address the foregoing issues through training and supervision and to anticipate the reasonably foreseeable events of the morning of May 9, 2007, constituted deliberate indifference to the constitutional rights of the plaintiff and led directly to the application of indiscriminate excessive force against the plaintiff who was assaulted, wrongfully detained, falsely imprisoned and interrogated in violation of his constitutional rights.

37.    The aforementioned lack of training and supervision represent systematic failures, which are customs and policies of the defendants and which led directly to the wrongful conduct in violation of his Constitutional rights.

## FOURTH COUNT
(Against all defendants)
Trespass and Invasion of Privacy

38.    Plaintiff repeats the allegations of Paragraphs 1-37 inclusive as if set forth fully herein.

39.    The actions of the defendants, at the time and place aforesaid, constituted trespass and invasion of privacy.  Defendant's actions were malicious and with deliberate intent to inflict serious physical and psychological injury upon him.  Plaintiff is therefore entitled to an award of punitive damages.

## FIFTH  COUNT
(Against all defendants)
42 U.S.C. § 1983

40.    Plaintiff repeats the allegations of Paragraphs 1-39 inclusive as if set forth fully herein.

41.    Defendants, acting under color of state law, willfully, intentionally, knowingly, and concertedly deprived plaintiff of his rights, privileges and immunities secured by the Constitution and the laws of the United States of America, including the Fourth and Fourteenth Amendments, by interalia:

a.    Needlessly and unreasonably subjecting the plaintiff to assault and battery;

b.    Wrongfully, and without probable cause, subjecting plaintiff to false imprisonment;

c.    Wrongfully, and without probably cause, subjecting plaintiff to wrongful search and seizure;

d.    Denying plaintiff due process of law;

e.    Implementing, maintaining and tolerating policies, practices and customs which resulted in the illegal actions and proximately caused the plaintiff's injury as heretofore alleged.

42.    These aforesaid violations are in violation of 42 U.S.C. § 1983 and the constitutional laws of the United States of America.

PRAYER FOR RELIEF

43.    Plaintiff repeats the allegations of paragraphs 1-42 inclusive as if set forth fully herein.

44.    Plaintiff demands judgment against all defendants and each of them, jointly and severally as follows:

a.    Where applicable, plaintiff demands judgment for compensatory damages;

b.    Where applicable, plaintiff demands judgment for punitive damages and exemplary damages, and any and all other damages allowed by law;

c.    Plaintiff demands judgment for all equitable and other relief as the Court deems just and proper;

d.    Plaintiff demands judgment of attorney's fees with interests and costs of suit.

LACORTE, BUNDY, VARADY & KINSELLA

By:_____

Robert F. Varady, Esq.

Dated: April 25, 2008

JURY DEMAND

The plaintiff demands a trial by jury on all issues so triable.

LACORTE, BUNDY, VARADY & KINSELLA

By: _____
        Robert F. Varady, Esq.

Dated: April 25, 2008